**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SHEENEATHA BRADFORD, *et al.*, ) | CASE NO. 1:13cv218 |
| Plaintiffs, ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| LEGACY HEALTH SERVICES, *et al.*, ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court on the Joint Motion for Approval of Settlement of Claims and Dismissal of Action (Doc. No. 71) filed by Plaintiffs Rose Prince and Tammy Hopson ("Plaintiffs") and Defendants Legacy Health Services and Twinsburg-Legacy Assisted Living, L.L.C. ("Defendants"), which seeks the Court's approval of a settlement agreement resolving Plaintiff Prince and Hopsons' claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* For the reasons that follow, the proposed Settlement is APPROVED and the Joint Motion (Doc. No. 71) is GRANTED.

**I.  Background**

This action was originally commenced on January 30, 2013 by Plaintiff Sheeneatha Bradford, on behalf of herself and all others similarly situated, for damages relating to Defendants' alleged failure to pay for on-duty meal periods and alleged failure to pay on regular paydays. (Doc. No. 1.) Notices of Consent to Join Suit as Party Plaintiffs were filed that same date by Rose Prince, Tammy Hopson, and Jeanine Molnar. (Doc. Nos. 4, 5, 7.) Plaintiffs Bradford, Prince, and Molnar filed a Supplemental Complaint on April 10, 2013, which added

claims for retaliation under the FLSA and the Ohio Minimum Fair Wage Standards Act. (Doc. No. 23.)

Plaintiffs' counsel, Anthony Lazzaro and David Steiner, thereafter moved to withdraw as attorneys for Plaintiffs Bradford and Molnar, but sought to continue to represent Plaintiffs Prince and Hopson. (Doc. No. 29.) After conducting a hearing, the Court granted the motion on June 25, 2013. (Doc. No. 32.) On July 9, 2013, new counsel Markus Lyytinen and Lewis Zipkin entered an appearance for Plaintiffs Bradford and Molnar. (Doc. No. 34.)

On August 22, 2013, Plaintiffs Bradford, Molnar, Hopson and Prince filed a "Joint Consolidated Amended Complaint" that set forth the claims of all the Party Plaintiffs in this action.[1] (Doc. No. 39.) Several weeks later, on September 13, 2013, Plaintiffs filed a "Second Joint Consolidated Amended Complaint for All Plaintiffs." (Doc. No. 45.) This complaint states the same previously raised claims as to all Plaintiffs relating to on-duty meal periods, short rest periods, and failure to pay on the regular pay day; reasserts retaliation claims with regard to Plaintiffs Bradford, Molnar, and Prince; and, adds a retaliation claim with respect to Plaintiff Hopson. *Id*.

Discovery proceeded, during which at least six depositions were conducted. (Doc. Nos. 57-62.) In April 2014, Defendants filed a Combined Motion for Summary Judgment as to the

---

[1] Prior to this, Plaintiffs Prince and Hopson filed a Second Amended Complaint on June 26, 2013, which alleged FLSA violations based on Defendants' failure to pay for on-duty meal periods and short rest periods and failure to pay on the regular payday. (Doc. No. 33.) This Complaint also incorporated Plaintiff Prince's retaliation claims as set forth in the Supplemental Complaint. *Id*. After the Court expressed concern at the possibility of having separate complaints filed by the two different groups of Plaintiffs, counsel for Plaintiffs Prince and Hopson and counsel for Plaintiffs Bradford and Molnar agreed to work together to file a Consolidated Amended Complaint. (Doc. No. 36.)

claims made by each Plaintiff. (Doc. No. 64.) Plaintiffs sought numerous extensions of time in which to respond, in order to allow the parties to conduct private mediation proceedings. These proceedings were ultimately successful with respect to Plaintiffs Prince and Hopson and, on November 4, 2014, these Plaintiffs and Defendants filed, under seal, the instant Joint Motion for Approval of Settlement of Claims and Dismissal of Action. (Doc. No. 71.)

**II. Standard**

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1352-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *See Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id.*

As recently explained in a decision from this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood

>of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at * 2 (N.D. Ohio June 9, 2014).[2]

*See also Pittman v. Things Remembered*, 2014 WL 5073764 at * 2 (N.D. Ohio October 8, 2014); *Gentrup v. Renovo Services, L.L.C*, 2011 WL 2532922 at * 2-3 (S.D. Ohio June 24, 2011); *Dillworth v. Case Farms Processing, Inc*., 2010 WL 776933 at * 5-6 (N.D. Ohio March 8, 2010); *Crawford v. Lexington-Fayette Urban County Government*; 2008 WL 4724499 (E.D. Ky October 23, 2008). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922 at * 3.

**III. Analysis**

Upon careful review of the Joint Motion and confidential Settlement Agreement, the Court finds the proposed settlement represents a fair and reasonable resolution to bona fide disputes. As an initial matter, the Court finds the pleadings and motions demonstrate that the instant action presents a bona fide dispute. Plaintiffs Prince and Hopson, who were respectively employed by Defendants as a State Tested Nursing Aide ("STNA") and Registered Nurse, assert Defendants automatically deducted 30 minutes for a meal period from Plaintiffs' pay for shifts lasting six or

---

[2] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *See Schneider*, 2014 WL 2579637 at fn 1.

-4-

more hours despite the fact Plaintiffs frequently did not receive a meal period and/or were required to perform work during their meal periods. (Doc. No. 45 at ¶ 24.) These Plaintiffs also assert they were not paid for short rest periods or on their regular paydays. *Id*. at ¶¶ 28, 30. Finally, Plaintiffs Prince and Hopson assert Defendants terminated them in retaliation for participating in this lawsuit. *Id*. at ¶¶ 36-39. Defendants argue that, as a matter of law, Plaintiffs have failed to establish FLSA violations with regard to either the on-duty meal periods or short rest periods. (Doc. No. 64 at 24-26.) Moreover, Defendants assert that neither Plaintiff Prince or Hopson can show they were terminated because they filed FLSA claims. Rather, Defendants maintain there were legitimate, non-pretextual reasons for terminating these Plaintiffs' employment, including alleged violations of Defendants' attendance policy (Prince) and the alleged removal of personal items from a resident's room (Hopson). *Id.* at 30, 34-37. The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

The Court further finds that the terms of the settlement agreement are fair and reasonable. In this regard, the Court notes that the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel. Indeed, both Plaintiffs' and Defendants' counsel believe that the proposed settlement is fair and reasonable, which weighs in favor of approving the settlement. *See Gentrup*, 2011 WL 2532922 at * 3. As such, the Court finds no risk of fraud or collusion. Additionally, the Court notes that, given the factual and legal complexity of the case, there is no guarantee that Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue. As one court in this District has noted, "the

certainty and finality that comes with settlement also weighs in favor of" approving a fair and reasonable settlement. *Dillworth*, 2010 WL 776933 at * 6. Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *Id. See also Crawford*, 2008 WL 4724499 at * 9. Finally, the Court finds the award of attorney's fees to Plaintiff's counsel to be reasonable in light of the complex issues of law and fact presented; the extensive pleading, discovery, and motion practice conducted in this matter; and, the parties' extensive settlement efforts.

Accordingly, and for all of the foregoing reasons, the Court GRANTS the parties' Joint Motion for Approval of Settlement of Claims (Doc. No. 71) and APPROVES the parties' proposed settlement agreement. Plaintiffs Prince and Hopson's claims are, therefore, dismissed with prejudice, with each party to bear their own fees and costs.

IT IS SO ORDERED.

s/ Greg White<br>
U.S. MAGISTRATE JUDGE

Date: November 18, 2014