**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHEENEATHA BRADFORD, *et al.*, | ) | CASE NO. 1:13cv218 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| LEGACY HEALTH SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court on the Joint Motion for Approval of Settlement of Claims and Dismissal of Action (Doc. No. 75) filed by Plaintiffs Sheeneatha Bradford and Jeanine Molnar ("Plaintiffs") and Defendants Legacy Health Services and Twinsburg-Legacy Assisted Living, L.L.C. ("Defendants"), which seeks the Court's approval of a settlement agreement resolving Plaintiff Bradford and Molnar's claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. For the reasons that follow, the Joint Motion (Doc. No. 71) is GRANTED IN PART as follows.

**I. Background**

This action was originally commenced on January 30, 2013 by Plaintiff Sheeneatha Bradford, on behalf of herself and all others similarly situated, for damages relating to Defendants' alleged failure to pay for on-duty meal periods and alleged failure to pay on regular paydays. (Doc. No. 1.) Notices of Consent to Join Suit as Party Plaintiffs were filed that same date by Rose Prince, Tammy Hopson, and Jeanine Molnar. (Doc. Nos. 4, 5, 7.) Plaintiffs Bradford, Prince, and Molnar filed a Supplemental Complaint on April 10, 2013, which added

claims for retaliation under the FLSA and the Ohio Minimum Fair Wage Standards Act.  (Doc. No. 23.)

Plaintiffs' counsel, Anthony Lazzaro and David Steiner, thereafter moved to withdraw as attorneys for Plaintiffs Bradford and Molnar, but sought to continue to represent Plaintiffs Prince and Hopson.  (Doc. No. 29.)  After conducting a hearing, the Court granted the motion on June 25, 2013.  (Doc. No. 32.)  On July 9, 2013, new counsel Markus Lyytinen and Lewis Zipkin entered an appearance for Plaintiffs Bradford and Molnar.  (Doc. No. 34.)

On August 22, 2013, Plaintiffs Bradford, Molnar, Hopson and Prince filed a "Joint Consolidated Amended Complaint" that set forth the claims of all the Party Plaintiffs in this action.[1]  (Doc. No. 39.)  Several weeks later, on September 13, 2013, Plaintiffs filed a "Second Joint Consolidated Amended Complaint for All Plaintiffs."  (Doc. No. 45.)  This complaint states the same previously raised claims as to all Plaintiffs relating to on-duty meal periods, short rest periods, and failure to pay on the regular pay day; reasserts retaliation claims with regard to Plaintiffs Bradford, Molnar, and Prince; and, adds a retaliation claim with respect to Plaintiff Hopson.  *Id*.

Discovery proceeded, during which at least six depositions were conducted.  (Doc. Nos. 57-62.)  In April 2014, Defendants filed a Combined Motion for Summary Judgment as to the

---

[1] Prior to this, Plaintiffs Prince and Hopson filed a Second Amended Complaint on June 26, 2013, which alleged FLSA violations based on Defendants' failure to pay for on-duty meal periods and short rest periods and failure to pay on the regular payday.  (Doc. No. 33.)  This Complaint also incorporated Plaintiff Prince's retaliation claims as set forth in the Supplemental Complaint.  *Id*.  After the Court expressed concern at the possibility of having separate complaints filed by the two different groups of Plaintiffs, counsel for Plaintiffs Prince and Hopson and counsel for Plaintiffs Bradford and Molnar agreed to work together to file a Consolidated Amended Complaint.  (Doc. No. 36.)

claims made by each Plaintiff. (Doc. No. 64.) Plaintiffs sought numerous extensions of time in which to respond, in order to allow the parties to conduct private mediation proceedings. These proceedings were ultimately successful with respect to Plaintiffs Bradford and Molnar and, on December 2, 2014, these Plaintiffs and Defendants filed, under seal, the instant Joint Motion for Approval of Settlement of Claims and Dismissal of Action. (Doc. No. 75.)

**II.   Standard**

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1352-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *See Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id.*

As recently explained in a decision from this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc*., 568 F.Supp.2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood

>of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at * 2 (N.D. Ohio June 9, 2014).[2]

*See also Pittman v. Things Remembered*, 2014 WL 5073764 at * 2 (N.D. Ohio October 8, 2014); *Gentrup v. Renovo Services, L.L.C*, 2011 WL 2532922 at * 2-3 (S.D. Ohio June 24, 2011); *Dillworth v. Case Farms Processing, Inc*., 2010 WL 776933 at * 5-6 (N.D. Ohio March 8, 2010); *Crawford v. Lexington-Fayette Urban County Government*; 2008 WL 4724499 (E.D. Ky October 23, 2008). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922 at * 3.

### III. Analysis

Upon careful review, the Court finds the pleadings and motions demonstrate that the instant action presents a bona fide dispute. Plaintiffs Bradford and Molnar, who were respectively employed by Defendants as a Nursing Assistant and a State Tested Nursing Aide ("STNA"), assert Defendants automatically deducted 30 minutes for a meal period from Plaintiffs' pay for shifts lasting six or more hours despite the fact Plaintiffs frequently did not receive a meal period and/or were required to perform work during their meal periods. (Doc. No. 45 at ¶ 24.) These

---

[2] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *See Schneider*, 2014 WL 2579637 at fn 1.

Plaintiffs also assert they were not paid for short rest periods or on their regular paydays. *Id*. at ¶¶ 28, 30. In addition, Plaintiffs Bradford and Molnar assert Defendants terminated them in retaliation for participating in this lawsuit. *Id*. at ¶¶ 36-39. Finally, Plaintiff Molnar asserts a breach of contract claim based on Defendants' alleged retroactive reduction of her hourly pay. *Id.* at ¶¶ 64-70. Defendants argue that, as a matter of law, Plaintiffs have failed to establish FLSA violations with regard to either the on-duty meal periods or short rest periods. (Doc. No. 64 at 24-26.) Moreover, Defendants assert that neither Plaintiff Bradford or Molnar can show they were terminated because they filed FLSA claims. With respect to Plaintiff Molnar, Defendants maintain Molnar was not, in fact, terminated but, instead, elected to voluntarily resign. *Id*. at 30-31. With respect to Plaintiff Bradford, Defendants maintain there were legitimate, non-pretextual reasons for terminating her employment, including alleged violations of Defendants' attendance policy. *Id.* at 32-33. The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

The Court finds that the majority of the terms of the settlement agreement are fair and reasonable. In this regard, the Court notes that the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel. Indeed, both Plaintiffs' and Defendants' counsel believe that the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount. *See Gentrup*, 2011 WL 2532922 at * 3. Additionally, the Court notes that, given the factual and legal complexity of the case, there is no guarantee that Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the

alleged violations at issue. As one court in this District has noted, "the certainty and finality that comes with settlement also weighs in favor of" approving a fair and reasonable settlement. *Dillworth*, 2010 WL 776933 at * 6. Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *Id. See also Crawford*, 2008 WL 4724499 at * 9.

That being said, the Court does have some concern regarding the reasonableness of the proposed award of attorney's fees to Plaintiff's counsel as set forth in the proposed Settlement Agreement. However, in order to prevent undue delay with respect to Plaintiffs Bradford and Molnar, the Court orders the following:

(1) Defendants are ordered to pay the sum of the amounts set forth in Paragraphs 18, 19 and 22 of the Settlement Agreement (hereinafter the "Total Settlement Amount") to Plaintiffs' counsel's IOLTA trust account.

(2) Within fourteen (14) days of the date of this Order, Plaintiffs' counsel are ordered to distribute to Plaintiffs Bradford and Molnar their respective settlement payments as set forth in Paragraphs 18 and 19 of the Settlement Agreement.

(3) Plaintiffs' counsel may distribute to the law firm of Zipkin Whiting an amount no greater than 33% of the Total Settlement Amount, plus costs in an amount no greater than that set forth in Doc. No. 77 at p. 43.

(4) The remaining balance of the Total Settlement Amount shall remain in Plaintiffs' counsel's trust account until such time as the Court may conduct a hearing on the appropriateness of the proposed award of attorney fees set forth in the Settlement Agreement.

Accordingly, and for all of the foregoing reasons, the Court GRANTS IN PART the parties' Joint Motion for Approval of Settlement of Claims (Doc. No. 75) as set forth above.

IT IS SO ORDERED.

                                                     s/ Greg White
                                                     U.S. MAGISTRATE JUDGE

Date: December 16, 2014